Roopali H. Desai (024295)
Andrew S. Gordon (003660)
D. Andrew Gaona (028414)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1200
Phoenix, Arizona  85004
T:  (602) 381-5478
rdesai@cblawyers.com
agordon@cblawyers.com
agaona@cblawyers.com

Malcolm Seymour (*Pro Hac Vice Pending*)
**GARVEY SCHUBERT BARER**
100 Wall Street, 20th Floor
New York, New York  10005-3708
T:  (212) 965-4533
mseymour@gsblaw.com

*Attorneys for Intervenor-Plaintiff Bernie 2016, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Feldman; Luz Magallanes; Mercedez Hymes; Julio Morera; Alejandra Ruiz; Cleo Ovalle; Marcia Baker; Former Chairman and First President of the Navajo Nation Peterson Zah; Democratic National Committee; DSCC aka Democratic Senatorial Campaign Committee; Arizona Democratic Party; Kirkpatrick for U.S. Senate; Hillary for America,<br><br>         Plaintiffs,<br><br>- and –<br><br>Bernie 2016, Inc.,<br><br>         Intervenor-Plaintiff,<br><br>  v.<br><br>Arizona Secretary of State's Office; Michele Reagan, in her official capacity as Secretary of State of Arizona; Maricopa County Board of Supervisors; Denny Barney, in his official capacity as a member of the Maricopa County | No. CV-16-01065-PHX-DLR<br><br>**MOTION TO INTERVENE** |

{00220240.3 }

| | |
|---|---|
| Board of Supervisors; Steve Chucri, in his official capacity as a member of the MaricopaCounty Board of Supervisors; Andy Kunasek, in his official capacity as a member of the Maricopa County Board of Supervisors; Clint Hickman, in his official capacity as a member ofthe Maricopa County Board of Supervisors; Steve Gallardo, in his official capacity as a member of the Maricopa County Board of Supervisors; Maricopa County Recorder and Elections Department; Helen Purcell, in her official capacity as Maricopa County Elections Director; and Mark Brnovich, in his official capacity as Arizona Attorney General,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Pursuant to Rules 24(a)(2) and 24(b)(1)(B), Fed. R. Civ. P., Bernie 2016, Inc. (hereinafter, the "Sanders Campaign") moves for leave to intervene in the above-entitled action.  This Motion is supported by the following Memorandum of Points and Authorities, which is incorporated herein by reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction & Relevant Factual Background

On April 15, 2016, Plaintiffs[1] instituted this action against numerous officials of the State of Arizona and Maricopa County seeking to vindicate rights guaranteed by the First and Fourteenth Amendments to the U.S. Constitution and the Voting Rights Act of 1965 ("VRA").  [Dkt. 1]  Subsequently, Hillary for America (the "Clinton Campaign") became a Plaintiff via the First Amended Complaint ("FAC") [Dkt. 12] based on the allegation that the constitutional and statutory deficiencies in Arizona's elections scheme

---

[1]     The initial Plaintiffs were Leslie Feldman, Luz Magallanes, Mercedez Hymes, Julio Morera, Alejandra Ruiz, Cleo Ovalle, Marcia Baker, Former Chairman and First President of the Navajo Nation Peterson Zah, the Democratic National Committee, the DSCC a.k.a. Democratic Senatorial Campaign Committee, the Arizona Democratic Party, and Kirkpatrick for U.S. Senate.  [Dkt. 1]

identified in the FAC (1) adversely affected it in the Presidential Preference Election ("PPE"), and (2) will affect it in the 2016 General Election (the "General Election") should Secretary Clinton receive the Democratic Party's nomination for the presidency. [*Id.* at ¶ 30]

The Sanders Campaign – as the authorized committee dedicated to supporting the election of Democratic candidate Senator Bernie Sanders for President of the United States, *see* 52 U.S.C. § 30101(6) – has an equal interest in the outcome of this litigation. Not only were scores of Senator Sanders' supporters disenfranchised by the systematic failure that was the PPE, but those same supporters (and countless others, no doubt) fear that absent this Court's intervention, those disastrous and unconstitutional results will repeat themselves in the General Election if Senator Sanders receives the Democratic Party's nomination for the presidency.

While the Clinton Campaign's involvement in this litigation underscores the relevance of this litigation to the Democratic Party's nominee for the presidency, it does not follow that the one campaign can adequately represent the interests of the other. The two campaigns remain rivals in a closely-contested race for the Democratic Party's presidential nomination. At present, only 296 pledged delegates separate Secretary Clinton and Senator Sanders, and 14 primaries and caucuses (which will award a total of 1,206 delegates) remain between now and June 14, 2016.[2] The race is anything but over. As a consequence, the Sanders Campaign must act to protect <u>its</u> interests in this litigation, interests that may diverge from those of the Clinton Campaign and the other Plaintiffs. Under these circumstances, it should be permitted to intervene.

---

[2] Wilson Andrew, *et al.*, "2016 Delegate Count and Primary Results," N.Y. TIMES (updated Apr. 22, 2016), http://www.nytimes.com/interactive/2016/us/elections/primary-calendar-and-results.html?_r=0.

**Argument**

**I.   THE SANDERS CAMPAIGN SHOULD BE ADDED AS A PLAINTIFF-INTERVENOR IN THIS IMPORTANT LITIGATION.**

Given its keen and undisputed interest in this litigation, and particularly in light of the involvement of the Clinton Campaign, the Sanders Campaign is entitled to intervene as a Plaintiff as of right. In the alternative, the Sanders Campaign should be granted permissive intervention, as there can be no serious question that it shares claims with the current Plaintiffs (and may in fact be able to amplify those claims).

**A.   The Sanders Campaign Is Entitled to Intervene as of Right.**

Because of the very real possibility that the Sanders Campaign will be actively campaigning in Arizona and because it has an interest in ensuring that its supporters are not disenfranchised in the General Election, it should be permitted to intervene as of right. Rule 24(a)(2), Fed. R. Civ. P., provides that a party can intervene in pending litigation as of right if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Courts apply a four-part test to determine whether intervention as of right is appropriate:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006) (quotation omitted).

"Rule 24(a)(2) is construed broadly in favor of intervenors," *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011), and the Court's consideration of a motion to intervene must "accept[] all of the applicant's non-conclusory allegations as true," *Wildearth Guardians v. Jewel*, No. 2:14-CV-00833 JWS,

2014 WL 7411857, at *1 (D. Ariz. Dec. 31, 2014).  What is more, the analysis under Rule 24(a)(2) is "guided primarily by practical considerations, not technical distinctions." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (internal citation & quotation marks omitted).  Under these governing principles, the Sanders Campaign satisfies each of Rule 24(a)(2)'s requirements.

i. **The Motion is timely.**

*First*, there can be no serious dispute over the timeliness of the Motion.  This action was filed just two weeks ago, and the Clinton Campaign became a party four days later upon the filing of the FAC.  No defendant has filed a responsive pleading (or even appeared for that matter), the Court has yet to issue an order setting a Rule 16 conference, and discovery has yet to begin.  Under these circumstances, the Sanders Campaign's Motion is timely.  *See, e.g.*, *Jewel*, 2014 WL 7411857, at *1 (motion to intervene was timely where it "was filed prior to any substantive briefing, the court ha[d] not yet ruled on any dispositive motion, and intervention [would] not cause any discovery delays").

ii. **The Sanders Campaign has a "significantly protectable" interest in ensuring Arizona's compliance with the U.S. Constitution and VRA.**

*Second*, and equally without question, the Sanders Campaign has the requisite "significantly protectable" interest in this litigation to warrant intervention, as it seeks to protect the rights guaranteed to its supporters (and indeed, all qualified electors in Arizona) by the U.S. Constitution and the VRA.  An applicant has such an interest "if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Lockyer*, 450 F.3d at 441 (quoting *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir.1998)).

Here, the interests asserted by Plaintiffs and the Sanders Campaign are protected by the U.S. Constitution and Section 2 of the VRA.  And there is certainly a "relationship" between those interests and the claims advanced (and relief sought) in the FAC, as the Sanders Campaign will <u>again</u> be subject to Arizona's unlawful election practices if Senator Sanders secures the Democratic Party's presidential nomination.  *See*

Case 2:16-cv-01065-DLR   Document 27   Filed 04/29/16   Page 6 of 9

*Donnelly*, 159 F.3d at 410 (noting that an applicant satisfies the "relationship" requirement "if the resolution of the plaintiff's claims actually will affect the applicant."). Because of that "relationship" – one that is currently equally as strong as that of the Clinton Campaign – the second prong of Rule 24(a)(2) is satisfied.

> **iii.  This litigation may adversely impair the interests of the Sanders Campaign.**

*Third*, the disposition of this action may adversely impair the interests of the Sanders Campaign in ensuring that the General Election is administered in a lawful and constitutional manner. This element of Rule 24(a)(2) examines whether the applicant will be "affected in a practical sense by the determination made in an action." *Berg,* 268 F.3d at 822.

As described above, the Sanders Campaign will be "affected in a practical sense" – and indeed, profoundly so – by the disposition of this case. As a result, it satisfies the third element of Rule 24(a)(2).

> **iv.  The interests of the Sanders Campaign may not be adequately represented by its current competitor and the other Plaintiffs.**

*Finally*, the interests of the Sanders Campaign may not be adequately represented by the existing Plaintiffs, particularly where the counsel for the Clinton Campaign in this litigation also serves as counsel to all of the remaining Plaintiffs. The burden under this element of Rule 24(a)(2) is "minimal," and requires only that the applicant show that the representation of their interests "may be" inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citing *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972)). Courts consider three factors in weighing the adequacy of representation:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Arakaki*, 324 F.3d at 1086.

{00220240.3}   6

In this litigation, the Sanders Campaign intends to advance and <u>amplify</u> the arguments presented by the existing Plaintiffs. Indeed, in the wake of the PPE, the Sanders Campaign received information from its supporters regarding the various ways in which they were disenfranchised, information which may ultimately be important in demonstrating the multitude of constitutional and statutory deficiencies in Arizona's elections practices, policies, and procedures. Thus, despite the fact that many of the arguments advanced by the existing Plaintiffs and the Sanders Campaign will be similar, they may vary in several key respects.

Above all, however, is the fact that the Sanders Campaign and Clinton Campaign (already a Plaintiff) remain at the heart of a close race for the Democratic Party's nomination. Indeed, because "[t]he most important factor in determining the adequacy of representation is how the interest <u>compares with the interests of existing parties</u>," *Arakaki*, 324 F.3d at 1086 (emphasis added), that the two campaigns are currently pitted against each other counsels strongly against compelling one to rely on lead counsel for the other to protect the potentially divergent interests of both. The potential for conflict is real, and the Sanders Campaign should be permitted to participate as a litigant given the uncertain nature of the race for the Democratic Party's presidential nomination. A broad construction of Rule 24(a)(2), and "practical consideration[]," *Berg*, 268 F.3d at 818, of this element thereof require no less.

### B. The Sanders Campaign Should Be Granted Permissive Intervention.

If the Court concludes that the Sanders Campaign is not entitled to intervene as of right, it should exercise its discretion and allow the Sanders Campaign to do so permissively. Rule 24(b)(1)(B) provides that "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." The burden is significantly less exacting than that imposed by Rule 24(a)(2), and "requires only that (1) an independent ground for jurisdiction exist, (2) that the motion to intervene be timely, and (3) that there exist a claim or defense shared between the main and the intervenor's suit." *Nikon Corp. v. ASM Lithography B.V.*, 222

F.R.D. 647, 651 (N.D. Cal. 2004) (citations omitted).  The Sanders Campaign easily meets all three of these requirements.

The Sanders Campaign advances the same genre of arguments contained in the FAC, all of which arise under federal law.  *See* 28 U.S.C. § 1331.  Thus, there is an "independent ground for jurisdiction."  And as detailed above, *see* Section I.A.i, *supra*, this Motion is timely.  Finally, because the proposed complaint-in-intervention largely incorporates the FAC's allegations by reference, the claims raised in both are identical.  Accordingly, the Court should exercise its discretion and allow the Sanders Campaign's permissive intervention to protect its own rights, along with those of its hundreds of thousands of its supporters in Arizona.

## Conclusion

This litigation raises important issues about whether Arizona violated (and will continue to violate) the right of thousands of its citizens to vote, a right properly characterized by the Supreme Court as the most fundamental because it is "preservative" of all others.  *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886).  Because the Sanders Campaign has already been affected by the State's unlawful conduct, and may well be affected by the failure to secure the State's compliance with the U.S. Constitution and the VRA in the General Election, it should be permitted to intervene.

Respectfully submitted this 29th day of April, 2016.

**COPPERSMITH BROCKELMAN PLC**

By   s/ Roopali H. Desai
    Roopali H. Desai
    Andrew S. Gordon
    D. Andrew Gaona

**GARVEY SCHUBERT BARER**
    Malcolm Seymour

*Attorneys for Intervenor-Plaintiff Bernie 2016, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ Sheri McAlister

{00220240.3}  9