1  Brett W. Johnson (#021527)
   Sara J. Agne (#026950)
2  Joy L. Isaacs (#030693)
   SNELL & WILMER L.L.P.
3  One Arizona Center
   400 E. Van Buren, Suite 1900
4  Phoenix, Arizona 85004-2202
   Telephone: 602.382.6000
5  Facsimile: 602.382.6070
   E-Mail: bwjohnson@swlaw.com
6          sagne@swlaw.com
           jisaacs@swlaw.com
7
   Timothy A. La Sota (#020539)
8  TIMOTHY A. LA SOTA, PLC
   2198 E. Camelback Road, Suite 305
9  Phoenix, Arizona 85016
   Telephone: 602.515.2649
10 E-Mail: tim@timlasota.com

11 *Attorneys for Intervenor-Defendant
   Arizona Republican Party*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Feldman; Luz Magallanes; Mercedez Hymes; Julio Morera; Alejandra Ruiz; Cleo Ovalle; Marcia Baker; Former Chairman and First President of the Navajo Nation Peterson Zah; Democratic National Committee; DSCC a.k.a. Democratic Senatorial Campaign Committee; Arizona Democratic Party; Kirkpatrick for U.S. Senate; Hillary for America,<br><br>    Plaintiffs,<br><br>  v.<br><br>Arizona Secretary of State's Office; Michele Reagan, in her official capacity as Secretary of State of Arizona; Maricopa county Board of Supervisors; Denny Barney, in his official capacity as a member of the Maricopa county Board of Supervisors; Steve Chucri, in his official capacity as a member of the Maricopa County Board of Supervisors; Andy Kunasek, in his official capacity as a | No. CV-16-1065-PHX-DLR<br><br>**MOTION TO INTERVENE** |

member of the Maricopa County Board of Supervisors; Clint Hickman, in his official capacity as a member of the Maricopa County Board of Supervisors; Steve Gallardo, in his official capacity as a member of the Maricopa County Board of Supervisors; Maricopa County Recorder and Elections Department; Helen Purcell, in her official capacity as Maricopa County Recorder; Karen Osborne, in her official capacity as Maricopa County Elections Director; and Mark Brnovich, in his official capacity as Arizona Attorney General,

Defendants.

Pursuant to Federal Rule of Civil Procedure 24, the Arizona Republican Party ("Proposed Intervenor") respectfully moves this Court for leave to intervene in this action as a Defendant. This Motion is supported by the following Memorandum of Points and Authorities. Additionally, the Proposed Intervenor has attached to this Motion, in accordance with Federal Rule of Civil Procedure 24(c), a responsive pleading setting out the defenses for which intervention is sought.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

On April 15, 2016, Plaintiffs initiated this action seeking relief pursuant to the First and Fourteenth Amendments to the U.S. Constitution and the Voting Rights Act of 1965, challenging Arizona's laws, policies, and procedures for carrying out its elections. (Dkt. 1.) On April 19, 2016, the initial Plaintiffs were joined by Hillary for America in filing a First Amended Complaint ("FAC"), primarily alleging that certain constitutional and statutory deficiencies in Arizona's elections scheme during the Presidential Preference Election ("PPE") will somehow impact the wholly separate Maricopa County General

---

[1] The Proposed Intervenor and its counsel understand that the current parties have stipulated to an extension of time for all Defendants to answer or otherwise respond to the First Amended Complaint ("FAC"), based on the expectation of a ruling on Plaintiffs' forthcoming Motion for Preliminary Injunction. (Dkt. 31.) Given that, Proposed Intervenor respectfully advises that it plans to file a Motion to Dismiss portions of the FAC, but intends to do so on the timeline contemplated by the parties' stipulation and only after properly conferring with Plaintiffs per the Court's Order (Dkt. 5).

Election—even though it is conducted under a completely separate mandate and format from the PPE. (Dkt. 12, FAC, at ¶ 10.)

The Proposed Intervenor is a party that will be significantly impacted by the relief that Plaintiffs seek in this action. The Arizona Republican Party is a state committee, as defined by 52 U.S.C. § 30101(15) and A.R.S. §§ 16-801, *et seq*. involved with working to elect Republican candidates to elected offices. Specifically, for this matter, the Arizona Republican Party has an interest equal to those of the Arizona Democratic Party, the Democratic National Committee, and the DSCC a.k.a. Democratic Senatorial Campaign Committee—all Plaintiffs in this matter—because it is dedicated to electing local, state, and national candidates of the Republican Party to public office in Arizona and throughout the United States.

Furthermore, the Arizona Republican Party has members and constituents from across Arizona, including many eligible voters who regularly support and vote for candidates affiliated with the Republican Party. These members and constituents have a significant interest in ensuring that a single political party, *i.e.,* the Democratic Party, does not abuse judicial proceedings for the sole purpose of manipulating local election officials and creating legal authorities that would impact Republicans' right to vote, and impact Republican candidates' right to a fair election carried out with integrity. These members and constituents have significant interests in ensuring that the Democratic Party does not specifically advocate for the allocation of polling locations in Maricopa County to benefit solely Democratic Party candidates and not all electors of the State of Arizona.

In addition, the Arizona Republican Party has an interest in ensuring that the Court receives counter-arguments and -perspectives to the Democratic Party's attempts to co-opt an unfortunate event like the 2016 PPE in Maricopa County for the purpose of advocating changes to the wholly separate General Election or other existing state laws unrelated to the PPE—such as the not-yet-effective Arizona law embodied in H.B. 2023, which prohibits the collection of signed and sealed absentee ballots. The Arizona Republican Party seeks intervention on behalf of its members and its candidates, as well as in its own

- 3 -

right.

For all these reasons, and as set forth below, the Proposed Intervenor should be granted leave to intervene so that it may protect Republicans' interests in this matter.

## Argument

### I. THE PROPOSED INTERVENOR IS ENTITLED TO INTERVENTION AS A MATTER OF RIGHT UNDER RULE 24(a)(2).

Federal Rule of Civil Procedure 24(a)(2) provides a right of intervention, "[o]n timely motion," to anyone that "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Accordingly, "[t]he district court must grant the motion to intervene if four criteria are met: timeliness, an interest relating to the subject of the litigation, practical impairment of an interest of the party seeking intervention if intervention is not granted, and inadequate representation by the parties to the action." *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

In considering whether these criteria are satisfied, courts have stated that "Rule 24(a) is construed broadly in favor of intervention." *Id.* Moreover, the Rule 24(a)(2) analysis must be "guided primarily by practical considerations, not technical distinctions." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (internal citation & quotation marks omitted). Courts also "accept[] all of the applicant's non-conclusory allegations as true" in considering a motion to intervene. *Wildearth Guardians v. Jewel*, No. 2:14-CV-00833 JWS, 2014 WL 7411857, at *1 (D. Ariz. Dec. 31, 2014). Applying these standards, the Proposed Intervenor easily satisfy the four conditions for intervention of right.

#### A. The Motion to Intervene is Timely.

Courts look to the following factors to determine if a motion to intervene is timely filed: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Cal. Dep't of*

- 4 -

1  *Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th
2  Cir. 2002) (internal quotation marks omitted).  Prejudice to existing parties is "the most
3  important consideration in deciding whether a motion to intervene is timely." *See United*
4  *States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (internal quotation marks omitted).

5        This Motion is being filed less than a month after the initial Complaint was filed.
6  No prejudice to the existing parties will result from intervention at such an early stage of
7  the case. The Defendants in this case have not yet filed an answer or otherwise responded
8  to the Complaint. Furthermore, Bernie 2016, Inc., has also recently sought intervention,
9  which intervention is not opposed by the Plaintiffs. Therefore, the Proposed Intervenor
10 has made a timely motion for intervention. *See, e.g.*, *Jewel*, 2014 WL 7411857, at *1
11 (motion to intervene timely where it "was filed prior to any substantive briefing, the court
12 ha[d] not yet ruled on any dispositive motion, and intervention [would] not cause any
13 discovery delays").

14       **B.**    <u>**The Proposed Intervenor Has a Significant Interest in this Proceeding.**</u>

15       "Whether an applicant for intervention as of right demonstrates sufficient interest
16 in an action is a practical, threshold inquiry, and no specific legal or equitable interest
17 need be established." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir.
18 1996) (quotation and alteration in original omitted). "To demonstrate this interest, a
19 prospective intervenor must establish that (1) the interest [asserted] is protectable under
20 some law, and (2) there is a relationship between the legally protected interest and the
21 claims at issue." *Id.*  (alteration in original; internal quotations and citation omitted).

22       Here, the Proposed Intervenor has multiple interests protectable under law and
23 related to the claims in this case. First, the Arizona Republican Party has an interest equal
24 to those of the Arizona Democratic Party, the Democratic National Committee, and the
25 DSCC a.k.a. Democratic Senatorial Campaign Committee because it is dedicated to
26 electing local, state, and national candidates of the Republican Party to public office in
27 Arizona and throughout the United States.
28

Second, the Arizona Republican Party has members and constituents from across Arizona, including many eligible voters who regularly support and vote for candidates affiliated with the Republican Party. These members and constituents have a significant interest in ensuring that a single political party, i.e., the Democratic Party, does not abuse judicial proceedings for the sole purpose of manipulating local election officials and legal authorities that would impact members' and constituents' right to vote or for the sole purpose of specifically advocating for the allocation of polling locations in Maricopa County's to benefit solely Democratic candidates and not all Arizona electors.

Third, the Arizona Republican Party has an interest in ensuring that the Court receives counter-arguments and -perspectives to the Democratic Party's attempts to co-opt an unfortunate event like the 2016 PPE in Maricopa County for the purpose of advocating changes to the wholly separate General Election or other existing state laws unrelated to the PPE—such as the not-yet-effective Arizona law embodied in H.B. 2023, which prohibits the collection of signed and sealed absentee ballots.

The Proposed Intervenor's interests are not undifferentiated or generalized; they are "direct, non-contingent, and substantial." *See California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (where effect would result in "practical impairment of [intervenor's] interests as a result of the pending litigation," intervention is appropriate *even if* intervenor does not have an existing, enforceable right). Because the Proposed Intervenor has the necessary interest in the outcome of this matter, this Court should grant this motion to intervene.

**C. The Disposition of the Action Will Impair or Impede the Proposed Intervenor's Ability to Protect Its Interests.**

The disposition of this action may impair or impede the Proposed Intervenor's ability to protect their legally protested interests. Fed. R. Civ. P. 24(a)(2) & advisory committee note (1966) (intervenor need only show that disposition of action "*may . . . impair or impede the movant's ability to protect its interest*" and "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he

should, as a general rule, be entitled to intervene") (emphasis added). "[T]he nature of the applicant's interest and the effect that the disposition of the action may have on the applicant's ability to protect its interest . . . are closely related issues." Charles Alan Wright, et al., 7C FED. PRAC. & PROC. CIV. § 1908 (3d ed.).

Here, absent intervention, the Proposed Intervenor will be unable to protect its, its candidates, and its members interests in ensuring their rights are protected; and that an opposing political party does not inappropriately co-opt the events surrounding the PPE to (1) impact the wholly separate General Election and (2) overturn legislation that it is not yet effective. If Plaintiffs prevail, Republicans may be subject to violations of their rights without having any representation in this litigation on the matter.

### D. The Existing Parties Do Not Adequately Represent the Proposed Intervenor's Interests.

Intervention as of right is appropriate, as here, where other parties in the litigation will not adequately represent the intervenor's interest. "The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quotation omitted). To assess whether a party's interest is adequately represented, a court considers several factors, including:

> (1) whether the interest of a present party is such that it will *undoubtedly* make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Perry v. Proposition 8 Official Proponents,* 587 F.3d 947, 952 (9th Cir. 2009) (emphasis added; internal quotations omitted). The "most important factor" in assessing the adequacy of representation is "how the interest compares with the interests of existing parties." *Citizens for Balanced Use*, 647 F.3d at 898.

Here, the Proposed Intervenor's interests are not the same as the existing parties. Those interests are, in fact, directly contrary to the Plaintiffs' claimed interests. Unlike

- 7 -

Plaintiffs, the Proposed Intervenor seeks to *defend* existing state law and advocate for the rights of Republicans during the upcoming General Election.

The Proposed Intervenor's interests are not adequately represented by the existing Defendants in the case either. The Defendants are elected or appointed officials named in their official capacities only. The Defendants, as they should, "must represent the interests of *all* people in Arizona"—not the interests of the Republican Party, its committees, or candidates. *Planned Parenthood Ariz., Inc. v. Am. Ass'n of Pro-Life Obstetricians & Gynecologists*, 227 Ariz. 262, 279 ¶ 58, 257 P.3d 181, 198 (App. 2011) (emphasis added). "As a result, the state might not give [the Proposed Intervenor's] interests 'the kind of primacy' that [the Proposed Intervenor] would." *Id.* (reversing denial of motion to intervene when state could not adequately represent interests of associations that, like the state, sought to uphold a challenged law, since state had to represent all Arizonans) (quoting *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003)); *see also Jackson v. Abercrombie*, 282 F.R.D. 507, 519 (D. Haw. 2012) (granting intervention to public interest group due to the possibility that the group, which "is not constrained by political considerations," "will advance broader and more comprehensive rationales" than state officials).

## II.  IN THE ALTERNATIVE, PERMISSIVE INTERVENTION IS APPROPRIATE UNDER RULE 24(b)(2).

If the Court does not grant intervention of right under Rule 24(a)(2), the Proposed Intervenor should be granted permissive intervention under Federal Rule of Civil Procedure 24(b)(2). Rule 24(b)(2) states that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

The standards for permissive intervention are less stringent than those for intervention as of right, and require: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712

F.3d 1349, 1353 (9th Cir. 2013).[2] "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). All requirements for permissive intervention are met here.

The timeliness requirement is satisfied for all the reasons discussed above. As noted, there is no risk of prejudice to the existing parties given the early posture of this case. Moreover, the Proposed Intervenor seeks intervention in order to protect the interests of Republican members and candidates that will directly be impacted by the legal and factual claims made by the Plaintiffs. As such, the Proposed Intervenor's defenses necessarily "share[] with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). And if the Plaintiffs had jurisdictional grounds to assert their claims in this action, there is certainly jurisdiction to present defenses to those claims. Since the requirements in Rule 24(b)(2) are all met, permissive intervention constitutes appropriate, alternative relief to intervention as of right.

## **Conclusion**

All potentially affected parties deserve the opportunity to be heard in this matter. The Proposed Intervenor thus respectfully requests that the Court permit it to intervene to protect its interests in this action.

---

[2] "Rule 24(b) does not require a showing of inadequacy of representation." *Groves v. Ins. Co. of N. Am.*, 433 F. Supp. 877, 888 (E.D. Pa. 1977).

DATED this 9th day of May, 2016.

Respectfully submitted,

SNELL & WILMER L.L.P.

By: */s/ Brett W. Johnson*
Brett W. Johnson
Sara J. Agne
Joy L. Isaacs
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Timothy A. La Sota
2198 E. Camelback Road, Suite 305
Phoenix, Arizona 85016

*Attorneys for Intervenor-Defendant Arizona Republican Party*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a notice of electronic filing to the EM/ECF registrants.

 */s/ Tracy Hobbs*

24046460