Brett W. Johnson (#021527)
Sara J. Agne (#026950)
Joy L. Isaacs (#030693)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: bwjohnson@swlaw.com
        sagne@swlaw.com
        jisaacs@swlaw.com

Timothy A. La Sota (#020539)
TIMOTHY A. LA SOTA, PLC
2198 E. Camelback Road, Suite 305
Phoenix, Arizona 85016
Telephone: 602.515.2649
E-Mail: tim@timlasota.com

*Attorneys for Intervenor-Defendant
Arizona Republican Party*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Feldman, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Arizona Secretary of State's Office, et al., <br><br> Defendants. | No. CV-16-1065-PHX-DLR <br><br> **PARTIAL ANSWER-IN-INTERVENTION TO AMENDED COMPLAINT** |

For its Partial Answer-in-Intervention to Plaintiffs' Amended Complaint (Dkt. 12), Intervenor-Defendant the Arizona Republican Party ("Intervenor-Defendant") admits, denies, and alleges as follows:

**NATURE OF THE ACTION**

1. Intervenor-Defendant admits that the above-captioned action was brought under 42 U.S.C. § 1983. Intervenor-Defendant denies the remaining allegations in paragraph 1 of the Amended Complaint.

2. Intervenor-Defendant admits that the language quoted in paragraph 2 of the Amended Complaint can be found in *Wesberry v. Sanders*, 376 U.S. 1 (1964). Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint as to the rationale behind Plaintiffs bringing suit in the above-captioned action, and therefore denies the same. Intervenor-Defendant denies the remaining allegations in paragraph 2 of the Amended Complaint.

3. Intervenor-Defendant admits that the language quoted in paragraph 3 of the Amended Complaint can be found in 52 U.S.C. § 10302(c) (2006) (formerly cited as 42 U.S.C. § 1973(a)). Intervenor-Defendant admits that Arizona became a covered jurisdiction subject to the requirements of Section 5 of the Voting Rights Act on September 18, 1975. Voting Rights Act Amendments of 1975: Partial List of Determinations, 40 Fed. Reg. 43746 (Sept. 18, 1975). Intervenor-Defendant denies the remaining allegations in paragraph 3 of the Amended Complaint.

4. Paragraph 4 contains legal conclusions to which a response is not required. To the extent a response is required, Intervenor-Defendant denies the allegations in paragraph 4 of the Amended Complaint.

5. Intervenor-Defendant denies the allegations in paragraph 5 of the Amended Complaint.

6. Intervenor-Defendant admits that Maricopa County has been in the news for election-related matters. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that voters were unable to wait in lines or were disenfranchised, and therefore denies the same. Intervenor-Defendant denies the remaining allegations in paragraph 6 of the Amended Complaint.

7. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint, and therefore denies the same.

8. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint, and therefore denies the same.

9. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint, and therefore denies the same.

10. Intervenor-Defendant denies the allegations in paragraph 10 of the Amended Complaint.

11. Intervenor-Defendant denies the allegations in paragraph 11 of the Amended Complaint.

**JURISDICTION AND VENUE**

12. Intervenor-Defendant admits that this Court has subject matter jurisdiction over this action. Intervenor-Defendant further admits that this Court has jurisdiction to grant declaratory relief.

13. Intervenor-Defendant admits that this Court has personal jurisdiction over the parties for purposes of this action.

14. Intervenor-Defendant admits that venue is proper in this Court. Intervenor-Defendant denies the remaining allegations in paragraph 14 of the Amended Complaint.

**PARTIES**

15. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 15–30, and 34, of the Amended Complaint, and therefore denies the same.

16. Paragraphs 31–33 and 35–38 contain legal conclusions to which a response is not required. To the extent a response is required, Intervenor-Defendant denies the allegations in paragraphs 31–33 and 35–38 of the Amended Complaint.

17. Intervenor-Defendant the Arizona Republican Party is a state committee, as defined by 52 U.S.C. § 30101(15) and A.R.S. §§ 16-801, *et seq*. The Arizona Republican Party has members and constituents from across Arizona, and is dedicated to electing

local, state, and national candidates of the Republican Party to public office in Arizona and throughout the United States.

**GENERAL ALLEGATIONS**

18. Intervenor-Defendant admits that Arizona became a covered jurisdiction subject to the requirements of Section 5 of the Voting Rights Act on September 18, 1975. Voting Rights Act Amendments of 1975: Partial List of Determinations, 40 Fed. Reg. 43746 (Sept. 18, 1975). Intervenor-Defendant denies the remaining allegations in paragraph 39 of the Amended Complaint.

19. Intervenor-Defendant admits that Arizona became a state in 1912, and that Native Americans were able to vote in Arizona in 1948. Intervenor-Defendant denies the remaining allegations in paragraph 40 of the Amended Complaint.

20. Intervenor-Defendant admits that the Voting Rights Act was amended in 1970 to suspend the use of literacy tests. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of the Amended Complaint, and therefore denies the same.

21. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 42–43 of the Amended Complaint, and therefore denies the same.

22. Intervenor-Defendant admits that Proposition 203 was passed in Arizona on November 7, 2000. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of the Amended Complaint, and therefore denies the same.

23. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45–46 of the Amended Complaint, and therefore denies the same.

24. Intervenor-Defendant admits that Proposition 200 was passed in Arizona in 2004, and that *Arizona v. Inter Tribal Council of Arizona, Inc.*, 133 S. Ct. 2247 (2013), held that the National Voter Registration Act preempted Arizona's proof-of-citizenship

1  requirement. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 of the Amended Complaint, and therefore denies the same.

25. Intervenor-Defendant admits that the language quoted in paragraph 48 of the Amended Complaint can be found in *Melendres v. Arpaio*, 989 F.Supp.2d 822 (D. Ariz. 2013). Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 of the Amended Complaint, and therefore denies the same.

26. Intervenor-Defendant admits that the Arizona Legislature passed Senate Bill 1070 in 2010. The remaining allegations in paragraph 49 are legal conclusions to which a response is not required. To the extent a response is required, Intervenor-Defendant denies the remaining allegations in paragraph 49 of the Amended Complaint.

27. Intervenor-Defendant admits that Arizona became a covered jurisdiction subject to the requirements of Section 5 of the Voting Rights Act on September 18, 1975. Voting Rights Act Amendments of 1975: Partial List of Determinations, 40 Fed. Reg. 43746 (Sept. 18, 1975). Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 of the Amended Complaint, and therefore denies the same.

28. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 51–57 of the Amended Complaint, and therefore denies the same.

29. Paragraph 58 contains legal conclusions to which a response is not required. To the extent a response is required, Intervenor-Defendant denies the allegations in paragraph 58 of the Amended Complaint.

30. Paragraph 59 contains legal conclusions as it relates to A.R.S. §§ 16-583 and -411, to which a response is not required. To the extent a response is required, Intervenor-Defendant denies the allegations related to A.R.S. §§ 16-583 and -411 in paragraph 59 of the Amended Complaint. Intervenor-Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 of the Amended Complaint, and therefore denies the same.

31. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 60–75 of the Amended Complaint, and therefore denies the same.

32. Intervenor-Defendant admits that Arizona became a covered jurisdiction subject to the requirements of Section 5 of the Voting Rights Act on September 18, 1975. Voting Rights Act Amendments of 1975: Partial List of Determinations, 40 Fed. Reg. 43746 (Sept. 18, 1975). Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 of the Amended Complaint, and therefore denies the same.

33. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 77–80 of the Amended Complaint, and therefore denies the same.

34. Intervenor-Defendant asserts that paragraphs 81–92 will be addressed in its forthcoming Motion to Dismiss, after appropriate consultation pursuant to the Court's Order (Dkt. 5), and therefore are not addressed herein.

35. Intervenor-Defendant asserts that paragraphs 93–108 will be addressed in its forthcoming Motion to Dismiss, after appropriate consultation pursuant to the Court's Order (Dkt. 5), and therefore are not addressed herein.

**CAUSES OF ACTION**

36. Intervenor-Defendant incorporates by this reference the previous answers to Plaintiffs' Amended Complaint as if fully set forth herein.

37. Intervenor-Defendant asserts that paragraphs 119, 127, 134, 136, and 137 will be addressed in its forthcoming Motion to Dismiss, after appropriate consultation pursuant to the Court's Order (Dkt. 5), and therefore are not addressed herein.

38. Intervenor-Defendant denies the allegations in paragraphs 111–112, 114–115, 118, 121–122, 125–126, 128, 131, and 132 of the Amended Complaint.

39. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 113, 116–117, and 120 of the Amended Complaint, and therefore denies the same.

40. Paragraphs 110, 124, and 130 contain legal conclusions to which a response is not required. To the extent a response is required, Intervenor-Defendant denies the allegations in paragraphs 110, 124, and 130 of the Amended Complaint.

## GENERAL DENIAL

Intervenor-Defendant denies all allegations in the Amended Complaint not expressly admitted herein, other than those found in paragraphs 119, 127, 134, 136, and 137, which will be specifically addressed in Intervenor-Defendant's forthcoming Motion to Dismiss, after appropriate consultation pursuant to the Court's Order (Dkt. 5).

## PRAYER FOR RELIEF

Intervenor-Defendant denies Plaintiffs' prayer for relief contained in the unnumbered paragraph beginning "Wherefore," including every subparagraph, to the extent that such requested relief violates applicable state and federal law.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims are futile because the actions described are neither discriminatory nor suppressive.

3. Plaintiffs lack standing to bring some or all of the claims asserted in this suit.

4. Certain Plaintiffs are not qualified electors as required by state law and therefore cannot bring some or all of the claims asserted in this action.

5. Plaintiffs are estopped from bringing some or all of the claims asserted in this action.

6. Plaintiffs are equitably estopped from bringing some or all of the claims asserted in this action.

7. Plaintiffs' claims are barred in whole or part by the doctrine of laches.

8. Plaintiffs have waived their rights to bring some or all of the claims asserted in this action.

9. Plaintiffs are barred from bringing some or all of the claims in this action after the Presidential Preference Election.

10. Plaintiffs are barred from bringing some or all of the claims in this action prior to the effective date of the law contained in H.B. 2023.

11. Plaintiffs' claims are barred in whole or in part by the doctrine of res judicata.

12. Plaintiffs' claims are barred in whole or in part by the doctrine of illegality.

13. Plaintiffs' requested relief violates the equal protection provisions of the Arizona and United States Constitutions.

14. Plaintiffs' requested relief violates the Tenth Amendment to the United States Constitution.

15. Plaintiffs have failed to exhaust administrative remedies.

16. Plaintiffs' claims fail, in whole or in part, to the extent that they rely on inadmissible hearsay.

17. Plaintiffs' claims fail, in whole or in part, to the extent that one or more of the named voters listed did not suffer any actionable harm.

**Wherefore**, Intervenor-Defendant prays for judgment as follows:

  A. That Plaintiffs take nothing by way of their Amended Complaint;

  B. That the Court enter judgment in favor of Defendants and Intervenor-Defendant and against Plaintiffs on any and all claims for relief alleged in the Amended Complaint;

  C. That Intervenor-Defendant recovers its attorneys' fees and costs in this suit; and

  D. For such other relief as the Court deems fair, just, and proper.

1   DATED this 9th day of May, 2016.

2                                      Respectfully submitted,

3                                      SNELL & WILMER L.L.P.

5                                      By: */s/ Brett W. Johnson*
6                                          Brett W. Johnson
                                           Sara J. Agne
7                                          Joy L. Isaacs
                                           One Arizona Center
                                           400 E. Van Buren, Suite 1900
8                                          Phoenix, Arizona  85004-2202

9                                          Timothy A. La Sota
                                           2198 E. Camelback Road, Suite 305
10                                         Phoenix, Arizona 85016

11                                         *Attorneys for Intervenor-Defendant
                                           Arizona Republican Party*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a notice of electronic filing to the EM/ECF registrants.


 */s/ Tracy Hobbs*

24046495