Roopali H. Desai (024295)
Andrew S. Gordon (003660)
D. Andrew Gaona (028414)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1200
Phoenix, Arizona  85004
T:  (602) 381-5478
rdesai@cblawyers.com
agordon@cblawyers.com
agaona@cblawyers.com

Malcolm Seymour (*Pro Hac Vice Pending*)
**GARVEY SCHUBERT BARER**
100 Wall Street, 20th Floor
New York, New York  10005-3708
T:  (212) 965-4533
mseymour@gsblaw.com

*Attorneys for Intervenor-Plaintiff Bernie 2016, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Feldman; Luz Magallanes; Mercedez Hymes; Julio Morera; Alejandra Ruiz; Cleo Ovalle; Marcia Baker; Former Chairman and First President of the Navajo Nation Peterson Zah; Democratic National Committee; DSCC aka Democratic Senatorial Campaign Committee; Arizona Democratic Party; Kirkpatrick for U.S. Senate; Hillary for America,<br><br>Plaintiffs,<br><br>- and –<br><br>Bernie 2016, Inc.,<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>Arizona Secretary of State's Office; Michele Reagan, in her official capacity as Secretary of State of Arizona; Maricopa County Board of Supervisors; Denny Barney, in his official capacity as a member of the Maricopa County | No. CV-16-01065-PHX-DLR<br><br>**COMPLAINT-IN-INTERVENTION OF BERNIE 2016, INC.** |

{00220246.2 }

Board of Supervisors; Steve Chucri, in his official capacity as a member of the Maricopa County Board of Supervisors; Andy Kunasek, in his official capacity as a member of the Maricopa County Board of Supervisors; Clint Hickman, in his official capacity as a member of the Maricopa County Board of Supervisors; Steve Gallardo, in his official capacity as a member of the Maricopa County Board of Supervisors; Maricopa County Recorder and Elections Department; Helen Purcell, in her official capacity as Maricopa County Elections Director; and Mark Brnovich, in his official capacity as Arizona Attorney General,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Defendants.

)
)

For its Complaint-in-Intervention, BERNIE 2016, INC. (the "Sanders Campaign") against the ARIZONA SECRETARY OF STATE'S OFFICE; MICHELE REAGAN, in her official capacity as the Secretary of State of Arizona, the MARICOPA COUNTY BOARD OF SUPERVISORS; DENNY BARNEY, STEVE CHUCRI, ANDY KUNASEK, CLINT HICKMAN, and STEVE GALLARDO, in their official capacities as members of the Maricopa County Board of Supervisors; the MARICOPA COUNTY RECORDER AND ELECTIONS DEPARTMENT; HELEN PURCELL, in her official capacity as Maricopa County Recorder, KAREN OSBORNE in her official capacity as Maricopa County Elections Director; and MARK BRNOVICH, in his official capacity as Arizona Attorney General (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. The Sanders Campaign incorporates by reference and re-alleges Paragraphs 1-11 of the First Amended Complaint filed by Plaintiffs in this action [Dkt. 12] (the "FAC").

## JURISDICTION AND VENUE

2. The Sanders Campaign incorporates by reference and re-alleges Paragraphs 12-14 of the FAC.

# PARTIES

3. The Sanders Campaign incorporates by reference and re-alleges Paragraphs 15-30 of the FAC.

4. The Sanders Campaign is an authorized committee, as defined by 52 U.S.C. § 30101(6), dedicated to supporting the election of Democratic candidate Bernie Sanders for President of the United States. The Sanders Campaign regularly works with Democratic activists, organizers, supporters, and voters throughout the United States to organize and execute direct voter contact programs consisting of activities such as phone banking, door-to-door canvassing, and participating in community events. In addition, the Sanders Campaign conducts get-out-the-vote activities. In particular, it conducted get-out-the-vote activities in the most recent 2016 PPE, including activities in Maricopa County. The Sanders Campaign was and is directly harmed by the lack of oversight for Maricopa County's allocation of polling locations; Arizona's policy of not counting provisional ballots cast in a precinct or voting area other than the one to which the voter is assigned; and the State's recent criminalization of the collection of signed and sealed absentee ballots with the passage of H.B. 2023. These voting laws, practices, and procedures disproportionately reduce the turnout of Democratic voters, including many supporters of Bernie Sanders. In particular, it is the Sanders Campaign's core constituencies of, among others, Hispanics, Native Americans, and African Americans who are most harmed by Arizona's policies and, as a consequence, are more likely to be burdened and less likely to vote or to have their provisional vote counted. For example, in Maricopa County the poor allocation of vote centers in the 2016 PPE not only caused many of Bernie Sanders' supporters to have to wait in line for hours to cast their vote but, in some instances, they were unable to cast their vote entirely and were completely disenfranchised.

5. The Sanders Campaign incorporates by reference and re-alleges Paragraphs 31-38 of the FAC.

## GENERAL ALLEGATIONS

**Arizona's History of Discrimination Against Racial, Ethnic, and Language Minorities**

6. The Sanders Campaign incorporates by reference and re-alleges Paragraphs 39-51 of the FAC.

**The Ongoing Effects of Arizona's History of Discrimination**

7. The Sanders Campaign incorporates by reference and re-alleges Paragraphs 52-55 of the FAC.

**The Challenged Voting Laws, Practices, and Procedures**

**Factual Background: Maricopa County's 2016 PPE**

8. The Sanders Campaign incorporates by reference and re-alleges Paragraphs 56-75 of the FAC.

**Maricopa County's Allocation of Polling Locations for the 2016 General Election**

9. The Sanders Campaign incorporates by reference and re-alleges Paragraphs 76-80 of the FAC.

**Arizona's Prohibition on Counting Out-of-Precinct Provisional Ballots**

10. The Sanders Campaign incorporates by reference and re-alleges Paragraphs 81-92 of the FAC.

**H.B. 2023 – Prohibition on the Collection of Early Vote Ballots**

11. The Sanders Campaign incorporates by reference and re-alleges Paragraphs 93-108 of the FAC.

## CAUSES OF ACTION

## COUNT I

**(Violations of Section 2 of the Voting Rights Act Against Defendants Arizona Secretary of State's Office; Michele Regan; Maricopa County Board of Supervisors; Denny Barney; Steve Chucri; Andy Kunasek; Clint Hickman; Steve Gallardo; Maricopa County Recorder and Elections Department; Helen Purcell; and Karen Osborne)**

12. The Sanders Campaign incorporates by reference and re-alleges Paragraphs 109-122 of the FAC.

**COUNT II**

**(Denial of Equal Protection Under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 by Unjustifiably Burdening Voters Against Defendants Arizona Secretary of State's Office; Michele Regan; Maricopa County Board of Supervisors; Denny Barney; Steve Chucri; Andy Kunasek; Clint Hickman; Steve Gallardo; Maricopa County Recorder and Elections Department; Helen Purcell; and Karen Osborne)**

13.   The Sanders Campaign incorporates by reference and re-alleges Paragraphs 123-128 of the FAC.

**COUNT III**

**(Denial of Equal Protection Under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 Through Disparate Treatment Against Defendants Arizona Secretary of State's Office; Michele Regan; Maricopa County Board of Supervisors; Denny Barney; Steve Chucri; Andy Kunasek; Clint Hickman; Steve Gallardo; Maricopa County Recorder and Elections Department; Helen Purcell; and Karen Osborne)**

14.   The Sanders Campaign incorporates by reference and re-alleges Paragraphs 129-132 of the FAC.

**COUNT IV**

**(Violation of the First Amendment to the United States Constitution and 42 U.S.C. § 1983 Against Defendant Arizona Attorney General Mark Brnovich)**

15.   The Sanders Campaign incorporates by reference and re-alleges Paragraphs 133-134 of the FAC.

**COUNT V**

**(Violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 Against Defendant Arizona Attorney General Mark Brnovich)**

16.   The Sanders Campaign incorporates by reference and re-alleges Paragraphs 135-137 of the FAC.

**PRAYER FOR RELIEF**

WHEREFORE, the Sanders Campaign prays for judgment in its favor and against Defendants as follows:

A. An order declaring that:

    1. Arizona's prohibition on the counting of out-of-precinct provisional ballots has a disparate effect on Hispanic, Native-American, and African-American voters in violation of Section 2 of the Voting Rights Act;

    2. Arizona's prohibition on the counting of out-of-precinct provisional ballots burdens Arizona voters generally and, specifically, Hispanic, Native-American, and African-American voters, as well as voters in Maricopa County, without a sufficient state justification for doing so, in violation of the Equal Protection Clause of the Fourteenth Amendment;

    3. Arizona's policy of rejecting provisional ballots cast out-of-precinct in certain jurisdictions, while allowing for the counting of ballots cast out of precinct in others, violates the Equal Protection Clause of the Fourteenth Amendment;

    4. H.B. 2023 violates Section 2 of the Voting Rights Act, the Equal Protection Clause of the Fourteenth Amendment, and the First Amendment to the United States Constitution; and

    5. The rights and privileges of Plaintiffs will be irreparably harmed without the intervention of this Court.

B. An order preliminarily and permanently enjoining Defendants, their respective agents, officers, employees, successors, and all persons acting in concert with each or any of them from

    1. Allocating polling locations for the 2016 general election in Maricopa County without first submitting the allocation plan to this Court for review and approval to ensure that the plan is in keeping with state and federal law, Section 2 of the Voting Rights Act, and the United States Constitution;

    2. Rejecting provisional ballots solely because they were cast in the wrong precinct or polling location, and requiring that such ballots be counted for all elections in which the elector is eligible to vote; and

    3. Implementing, enforcing, or giving any effect to the challenged provisions of H.B. 2023.

 C. An order requiring the Maricopa County Defendants to draft and submit to this Court for review and approval a contingency plan to address and remedy long wait times should they occur in the 2016 general election.

 D. An order awarding Intervenor-Plaintiff its costs, disbursements and reasonable attorneys' fees incurred in bringing this action pursuant to 42 U.S.C. §§ 1988, 1973l(e); and

 E. Such other or further relief as the Court deems just and proper.

Respectfully submitted this 29th day of April, 2016.

          **COPPERSMITH BROCKELMAN PLC**

          By  s/ Roopali H. Desai
            Roopali H. Desai
            Andrew S. Gordon
            D. Andrew Gaona

          **GARVEY SCHUBERT BARER**
            Malcolm Seymour

          *Attorneys for Intervenor-Plaintiff Bernie 2016, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ Sheri McAlister