IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Feldman, et al., | No. CV-16-01065-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona Secretary of State's Office, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Joint Emergency Motion for Stay and Injunction Pending Appeal. (Doc. 210.) The standard for obtaining an injunction pending appeal pursuant to Fed. R. Civ. P. 65(c) is the same as the standard for obtaining a preliminary injunction. *Gila River Indian Cmty. V. United States*, No. CV-10-1993-PHX-DGC, 2011 WL 1656486, at *1 (D. Ariz. May 3, 2011). Plaintiffs must show that (1) they are likely to succeed on appeal, (2) they likely will suffer irreparable harm without an injunction, (3) the balance of hardships weighs in their favor, and (4) an injunction serves the public interest. *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. V. United States Dep't of Agric.*, 415 F.3d 1078, 1092 (9th Cir. 2005), *as amended* (Aug. 17, 2005). Alternatively, Plaintiffs must demonstrate "*either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in [their] favor." *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2004). These alternative formulations are not

separate tests, but instead "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* Having reviewed Plaintiffs' motion and Defendants' expedited response, the Court is not persuaded that Plaintiffs have a likelihood or probability of success on the merits of their appeal, nor is it persuaded that the balance of hardships tips sharply in their favor given the fact that Plaintiffs have been unable to produce a declaration or affidavit from a single voter who would be more than inconvenienced by H.B. 2023's limitations on who may possess another's early ballot. Accordingly,

**IT IS ORDERED** that Plaintiffs' Joint Emergency Motion for Stay and Injunction Pending Appeal, (Doc. 210), is **DENIED**. Nothing in this order, however, precludes Plaintiffs from seeking relief from the Ninth Circuit Court of Appeals.

Dated this 4th day of October, 2016.

_____
Douglas L. Rayes
United States District Judge