MARK BRNOVICH
Attorney General
Firm Bar No. 14000
Kara Karlson (029407)
Karen J. Hartman-Tellez (021121)
Joseph E. La Rue (031348)
Assistant Attorney General
1275 W. Washington Street
Phoenix, AZ  85007
Telephone (602) 542-4951
Facsimile (602) 542-4385
kara.karlson@azag.gov
karen.hartman@azag.gov
joseph.larue@azag.gov
*Attorneys for State Defendants*

# UNITED STATES DISCTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Democratic Party, et al., | Case No.  CV-16-01065-PHX-DLR |
| Plaintiffs, | |
| v. | **STATE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| Arizona Secretary of State's Office, et al., | |
| Defendants. | |

Defendants Secretary of State Michele Reagan, the Arizona Secretary of State's Office, and Attorney General Mark Brnovich (together, the "State Defendants") hereby move pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure to dismiss the Second Amended Complaint (the "SAC," Doc. 233).[1]  Plaintiffs have named

---

[1] On April 18, this Court issued an order directing the parties to confer regarding the possibility of amending the Complaint in advance of filing any motion under Fed. R. Civ. P. 12(b).  (Doc. 5).  The State Defendants (and the Court) have repeatedly identified

2

the wrong parties as defendants and failed to name indispensable parties, and as such cannot obtain the injunctive relief that they seek in their SAC. This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The Federal Rules of Civil Procedure require that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction *must* be joined as a party if[,]" among other things, "in that person's absence, the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1) (emphasis added). If joinder is not feasible, the court must determine under Rule 19(b) whether the party is "indispensable." *Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). "'Necessary' refers to a party who should be joined if feasible[,]" while "'indispensable' refers to a party whose participation is so important to the resolution of the case that, if the joinder of the party is not feasible, the suit must be dismissed." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 867 n.5 (9th Cir. 2004).

When necessary and indispensable defendants are not before the court, the court lacks the ability to grant the relief that the plaintiffs seek. In that event, the court should dismiss the action. *See, e.g.*, *So. Pac. Transp. Co. v. Brown*, 651 F.2d 613, 614-15 (9th Cir. 1980) (dismissing complaint against attorney general alone, which sought to enjoin enforcement of a law that state district attorneys, not the attorney general, were charged

---

Plaintiffs' failure to name necessary and indispensable parties in written filings, at oral argument, and in conferences with the Court, but Plaintiffs declined to include those parties when amending their complaint, and even declined to name the Maricopa County Defendants who were previously named. (See, e.g., Hr'g Tr. at 7:5-8:8 (Sep. 2, 2016); Doc. 207 at 2-3). Consequently, the State Defendants have not separately conferred with Plaintiffs since they filed their Amended Complaint, and file this Motion pursuant to this Court's December 15, 2016 Minute Entry. (Doc. 231).

with enforcing); *Sellers v. Regents of Univ. of Cal.*, 432 F.2d 493, 506 (9th Cir. 1970) (Ferguson, J., dissenting and concurring) (concurring in the judgment that the district court lacked jurisdiction, because the plaintiffs had failed to sue those with authority to enforce the law they were challenging).

This is such a case. As explained below, Plaintiffs have not named the parties that are necessary and indispensable in order for the court to grant them the specific relief that they seek. Even if the court were to grant the full relief Plaintiffs seek, it would not cure the alleged harm that forms the basis of Plaintiffs' SAC. Out-of-precinct provisional ballots ("OOP ballots") would remain uncounted, and H.B. 2023 could still be enforced. The Plaintiffs have simply sued the wrong people, and have not sued those against whom the specific injunctions they seek can actually bring them relief. The Plaintiffs' Second Amended Complaint should therefore be dismissed. *See, e.g.*, *Green v. McIntire*, 39 App. D.C. 249, 251 (D.C. Cir. 1912) (explaining that because plaintiffs had failed to sue indispensable parties, and also refused to amend their complaint to add those parties, the district court was correct to dismiss their complaint). Even if that were not so, certain Defendants should be dismissed from certain claims, and one Defendant, "the Arizona Secretary of State's Office," should be dismissed entirely.

## ARGUMENT

**I.     The Court Should Dismiss This Action Because Plaintiffs Failed to Name Indispensable Defendants.**

**A.     Plaintiffs Failed to Name Indispensable Defendants (OOP Challenge).**

In the SAC, Plaintiffs specify the relief that they seek as an order enjoining the State Defendants "from [i]mplementing, enforcing, or giving any effect to A.R.S. § 16-122, § 16-135, or § 16-584 to the extent that they require Defendants to reject provisional ballots in their entirety solely because they were cast in the wrong precinct." Plaintiffs also seek an order to enjoin the State Defendants from declining "to count OOP ballots for races for which the voter was otherwise eligible to cast a vote." (Doc. 233, Prayer for

Relief, ¶ B(a)-(b)).[2]  But the State Defendants are not involved in the counting of OOP ballots, or with determining which ballots should be counted—those duties are the legal responsibility of county officials, alone.  Arizona law provides that "[a]ll proceedings at the counting center shall be under the direction of the *board of supervisors* or other officer in charge of elections."  A.R.S. § 16-621(A) (emphasis added).  Additionally, provisional ballots "shall be verified for proper registration of the elector by the *county recorder* before being counted."  A.R.S. § 16-584(E) (emphasis added).[3]  An injunction against the State Defendants, ordering them to count OOP ballots, would thus be ineffective because the State Defendants have nothing to do with ballot counting.

The Federal Rules of Civil Procedure provide that injunctions are only effective against "the parties," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation" with the parties.  Fed. R. Civ. P. 65(d)(2).  The county officials who have the legal responsibility to count ballots are not the State Defendants' officers, agents, employees, or attorneys, and therefore cannot be subjected to an injunction unless they are parties.  Because the county officials have the sole statutory responsibility to make decisions about whether OOP ballots should be counted or rejected, they are necessary to this lawsuit and indispensable to the relief that the Plaintiffs seek.

---

[2] Paragraph B(b) of the Prayer for Relief actually seeks an order "enjoining [the State] Defendants . . . from . . . [r]equiring Defendants to count OOP ballots for races for which the voter was otherwise eligible to cast a vote."  Presumably, Plaintiffs did not mean to ask the Court to enjoin the State Defendants from counting OOP ballots, because Plaintiffs want OOP ballots counted.  The State Defendants have therefore construed the Plaintiffs' prayer as a request for an injunction *requiring the State Defendants to count* such ballots.

[3] This concept is well-established in Arizona election law.  The statute governing nomination petition challenges, which affect the preparation of ballots, sets forth the indispensable parties.  A.R.S. § 16-351(C).  They include the officer with which the nomination petitions are filed and the county, city, or town officers responsible for preparing ballots on which the candidate will appear.  *Id.*

Rather than naming these county officials, Plaintiffs instead rely on A.R.S. § 16-142 to assert that the Secretary, "[a]s Arizona's Chief Elections Officer, . . . is empowered with broad authority to carry out that responsibility." (Doc. 233, ¶ 22). But Plaintiffs misstate the nature of the power granted to the Secretary pursuant to A.R.S. § 16-142. That statute designates the Secretary the Chief Elections Officer for the sole purpose of ensuring the State's compliance with the requirements of the federal National Voter Registration Act ("NVRA") and the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"). The requirements of NVRA and UOCAVA do not include counting OOP ballots, and they do not change the fact that Arizona law charges county officials, not the Secretary, with counting those ballots. Accordingly, the powers granted to the Secretary pursuant to A.R.S. § 16-142 are irrelevant to the claims here and do not make an injunction against the Secretary ordering her to count OOP ballots effective.

The Arizona Constitution creates the office of Secretary of State. Ariz. Const. art. V, § 1 (providing that "[t]he executive department shall consist of the governor, secretary of state"). The Constitution grants the Secretary only those powers that are "prescribed by law." *Id*., § 9. The Secretary's duties and powers are only those that are required or provided by Arizona's Constitution and statutes. *See Weidler v. Arizona Power Co.*, 7 P.2d 241, 242 (Ariz. 1932) (holding that the duties of constitutionally-mandated state officials are only those found in the state Constitution and statutory law). The Constitution requires the Secretary to canvass the election returns for state officers, and issue certificates of election, in the manner prescribed by law. Ariz. Const. art. V, § 10. The provision of Arizona law that sets forth the Secretary's duties do not provide her power to either count or decline to count OOP ballots. *See* A.R.S. § 41-121(A)(6) (requiring the Secretary to certify certain election results to the governor); A.R.S. § 41-121(A)(14) (requiring the Secretary to participate in an annual meeting with federal officials and county election officials to coordinate delivery and return of ballots for UOCAVA voters). Arizona Revised Statutes Title 16, which relates to elections, assigns

6

the Secretary additional election-related duties, but not the duty to count ballots.[4]  None of these powers are so broad that the injunction the Plaintiffs seek against her would grant them the relief they hope to obtain.

Similarly, the Arizona Constitution created the office of the Attorney General. A.R.S. Const. Art. 5 § 1.  And, like the Secretary, his powers are limited to those provided him by the Constitution and statutes.  *Id.*, § 9.  No law provides the Attorney General authority to count (or decline to count) OOP ballots, and Plaintiffs have not suggested otherwise in their SAC.  Those duties are the legal responsibility of county officials.

The Plaintiffs seek an order requiring only the State Defendants to count OOP ballots.  But as explained above, the State Defendants are not involved in the counting of ballots—county officials around the state perform that task.  For whatever reason, the Plaintiffs have steadfastly refused to name the defendants who are necessary for the specific relief they seek.  Because an injunction requiring the State Defendants to count OOP ballots will not cure Plaintiffs' alleged harm, it cannot provide them their sought-after relief.  The county officials who are legally responsible for counting OOP ballots are thus indispensable parties, and this Court cannot grant the relief the Plaintiffs seek in their absence.  Fed. R. Civ. P. 19(a)(1).

The Plaintiffs are the "masters of their own complaints," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), and in this case have chosen to sue the wrong defendants.  Therefore, this Court should dismiss the Plaintiffs' OOP claims for failure to name indispensable parties pursuant to Rules 12(b)(7) and 19.

---

[4] Indeed, the Secretary of State is mentioned in approximately 100 different statutory provisions in Title 16, but none assign the Secretary any role in counting ballots. Moreover, several statutes differentiate the Secretary from county "officers in charge of elections." *See, e.g.,* A.R.S. §§ 16-250(A), -621(C).

### B.   The Plaintiffs Failed to Name Indispensable Defendants Necessary to Adjudicate Their Challenge to H.B. 2023.

The Plaintiffs' SAC further asks this Court to enjoin the State Defendants "from [i]mplementing, enforcing, or giving any effect to H.B. 2023."  (Doc. 233, Prayer for Relief, ¶ B(c)).  But an injunction against the State Defendants cannot provide complete relief to Plaintiffs regarding their H.B. 2023 claims.  The Secretary has no legal authority to enforce H.B. 2023.  The Attorney General has such authority, pursuant to A.R.S. § 16-1021; however, he does not have sole authority to enforce (or decline to enforce) the provisions of H.B. 2023.  As a result, an injunction against him, alone, cannot cure the alleged harm that the Plaintiffs complain of, nor provide them the relief that they seek.

Section 16-1021 provides the Attorney General authority to enforce the provisions of Title 16, including H.B. 2023, "[i]n any election for state office, members of the legislature, justices of the supreme court, judges of the court of appeals or statewide initiative or referendum" or "[i]n any special district election."  But it gives concurrent jurisdiction for other elections to other officials.  The statute provides that "[i]n any election for county, city or town office, community college district governing board, judge or a county, city or town initiative or referendum," or in "any special district election . . . in which the district or a portion of the district is located" in the county, "the appropriate county, city or town attorney" has enforcement authority.  A.R.S. § 16-1021.  Under Arizona's system of consolidated elections, almost all elections will include statewide and county, city, or town races.  *See* A.R.S. § 16-204.  As such, the Attorney General and county attorneys have concurrent enforcement authority for most elections, and the local prosecutors have exclusive authority for elections that do not include a state office.

In order for the Plaintiffs to be free from the threat of enforcement, all those with power to enforce H.B. 2023 must be enjoined from doing so.  But Plaintiffs have not sued county attorneys or city and town prosecutors.  These local officials have the power to

8

enforce H.B. 2023, but no Defendant has power to compel them to cease to enforce it. They are therefore necessary and indispensable parties to this lawsuit because the Plaintiffs cannot obtain complete relief on their H.B. 2023 claims. *See* Fed. R. Civ. P. 19(a)(1), 65(d). Pursuant to Rule 12(b)(7) and Rule 19, this Court should dismiss the Plaintiffs' H.B. 2023 claims for failure to name indispensable parties.

## II. The Court Should Dismiss the H.B. 2023 Claims Against the Secretary of State, the OOP Claims Against the Attorney General, and All Claims Against the Arizona Secretary of State's Office.

As explained above, Plaintiffs have failed to name necessary and indispensable parties to maintain their challenge to Arizona's out-of-precinct voting requirements, as well as H.B. 2023. As a result, Plaintiffs' SAC should be dismissed. Additionally, even if that were not so, the Court should dismiss (a) the Secretary from Counts III, IV, and V, which relate to H.B. 2023, (b) the Attorney General from Counts I and II, which relate to OOP ballots, and (c) the Arizona Secretary of State's Office entirely.

The Secretary has no role whatsoever in enforcing H.B. 2023, a criminal law, and Plaintiffs have not alleged that she does. (*Cf.* Doc. 233, ¶ 22). She should be dismissed from those Counts. *See, e.g., Confed. Tribes & Bands of the Yakama Indian Nation v. Locke*, 176 F.3d 467, 470-71 (9th Cir. 1999) (dismissing complaint against governor because state lottery agency—not the governor—decided the challenged matter, where lottery tickets were sold). Likewise, Plaintiffs have not alleged that the Attorney General has any role in counting ballots or overseeing the voting process beyond prosecuting election-related offenses. (Doc. 233, ¶ 23). As such, the Court should dismiss the Attorney General from the OOP Counts.

In addition to the Secretary and the Attorney General, the SAC names the Arizona Secretary of State's Office as a defendant and states that the Secretary of State's Office "is established by A.R.S. § 41-121.02." (Doc. 233, ¶ 21). In fact, A.R.S. § 41-121.02 establishes the "department of state, which shall be composed of the office of the

secretary of state."[5] But the department of state is a non-jural entity that cannot sue or be sued in its own right. *See Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (dismissing non-jural entity that lacked separate legal status from the County); *Braillard v. Maricopa Cty.*, 232 P.3d 1263, 1269 (Ariz. App. 2010) (stating that "a governmental entity may be sued only if the legislature has so provided"). The Arizona Legislature has not given the department of state separate legal status allowing it to sue or be sued. *See* A.R.S. §§ 41-121 to -133 (defining powers and duties of the Secretary of State and department of state). Accordingly, the Arizona Secretary of State's Office is a non-jural entity and Plaintiffs' claims against it must be dismissed.

Moreover, naming the Secretary of State's Office as a Defendant is unnecessary because the Secretary of State is a Defendant. Plaintiffs have sued the Secretary in her official capacity as a stand-in for the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State."); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). The Secretary of State's Office plays the same role.[6]

Consequently, the Secretary of State's Office is a redundant defendant, and the Court should dismiss it. *See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (dismissing official named only in his official

---

[5] The office of Secretary of State is established by Ariz. Const. art. 5, § 1, which lists the offices that make up the executive department. Moreover, contrary to Plaintiffs' allegation that the Secretary of State's Office is "charged with overseeing elections," A.R.S. § 41-121.02 says nothing about elections. (Doc. 233, ¶ 21).

[6] Plaintiffs' recent discovery requests illustrate this. They issued one set of Requests for Production to the Secretary of State's Office and Secretary Reagan and defined "you" to include both. (*See* Doc. 237).

capacity when the government entity that employed him was also a defendant). If the Court were to order any of the requested injunctive relief against the Secretary, the Secretary and the employees of the department of state that she supervises would implement it–the department need not be a defendant here. *See N.J. Protection & Advocacy, Inc. v. N.J. Dep't of Educ.*, 563 F. Supp. 2d 474, 492 (D.N.J. 2008) (dismissing members of state board of education sued in their official capacities as "duplicative and cumbersome" and stating that the dismissed officials "will still be required to comply with and assist in implementing the terms of any injunction issued by this Court").[7]

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Second Amended Complaint.

RESPECTFULLY SUBMITTED this 17th day of January, 2017.

> MARK BRNOVICH
> Attorney General
>
> By: s/ Karen J. Hartman-Tellez
> Kara Karlson
> Karen J. Hartman-Tellez
> Joseph E. La Rue
> Assistant Attorneys General
> 1275 West Washington Street
> Phoenix, Arizona 85007
> *Attorneys for State Defendants*

---

[7] In addition, Plaintiffs constitutional claims against a department of the State are barred by the State's Eleventh Amendment immunity. *See Mixon v. Ohio*, 193 F.3d 389, 397-98 (6th Cir. 2006).

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a notice of electronic filing to the EM/ECF registrants.

                                        s/ Karen J. Hartman-Tellez

55563546