Daniel C. Barr (# 010149)
Sarah R. Gonski (# 032567)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
DBarr@perkinscoie.com
SGonski@perkinscoie.com

Marc E. Elias (WDC# 442007)*
Bruce V. Spiva (WDC# 443754)*
Elisabeth C. Frost (WDC# 1007632)*
Amanda R. Callais (WDC# 1021944)*
PERKINS COIE LLP
700 Thirteenth Street N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
MElias@perkinscoie.com
BSpiva@perkinscoie.com
EFrost@perkinscoie.com
ACallais@perkinscoie.com

Joshua L. Kaul (WI# 1067529)*
PERKINS COIE LLP
One East Main Street, Suite 201
Madison, Wisconsin 53703
Telephone: (608) 663-7460
Facsimile: (608) 663-7499
JKaul@perkinscoie.com

*Attorneys for Plaintiffs*

*Admitted pro hac vice

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Democratic Party, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Arizona Secretary of State's Office, et al.,<br><br>    Defendants. | No. CV-16-01065-PHX-DLR<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION TO DISMISS** |

In their motion to dismiss (Doc. 245), Defendants the Arizona Secretary of State's Office, Secretary of State Michele Reagan, and Attorney General Mark Brnovich (collectively, "the State") attempt to sidestep adjudication on the merits by insisting that Plaintiffs have sued them in error and instead should have sued a wide array of county election officials and local law enforcement officers across Arizona. The State seeks outright dismissal of Plaintiffs' Second Amended Complaint ("Complaint"). The State's argument finds no basis in the law, however, and has been authoritatively rejected by other courts.[1]

Given the powers and duties ascribed to the Secretary of State and Attorney General (the "State Defendants"), as well as the statewide nature of this action, there is no question that the Secretary and Attorney General are the proper—and the only necessary—defendants and that this suit should proceed against them. Indeed, a nearly identical argument to the one raised here was rejected by another judge in this Court just months ago in a case between some of the same parties. Moreover, even if other parties were necessary to afford Plaintiffs their requested relief (which they are not), dismissal of the Complaint still would not be appropriate; Plaintiffs would simply be required to join additional parties. Accordingly, the State's motion to dismiss should be denied.

**I.  THE STATE DEFENDANTS ARE THE PROPER DEFENDANTS IN THIS ACTION**

**A.  Out-of-Precinct Claims**

The State's argument that Plaintiffs' challenges to the disenfranchisement of out-of-precinct ("OOP") voters should be dismissed because Plaintiffs have failed to name necessary and indispensable parties is without merit. A party is "necessary" where (1) the absence of the party would preclude the district court from affording complete relief

---

[1] In reliance on the State's representations that the Secretary of State's Office and the Secretary herself are one and the same for the purposes of redressing injuries alleged in this lawsuit, Plaintiffs do not object to dismissing the Secretary of State's Office as a Defendant in this litigation. Doc. 245 at 9-11 ("If the Court were to order any of the requested injunctive relief against the Secretary, the Secretary and the employees of the department of state that she supervises would implement it.").

between the parties; (2) disposing of the action in the person's absence may "impair or impede the person's ability to protect" his or her interest; or (3) failure to include the person would "leave an existing party subject to a substantial risk of … inconsistent obligations." Fed. R. Civ. P. 19. "Under United States Supreme Court precedent, when a plaintiff challenges the constitutionality of a rule of law, it is the state official designated to enforce that rule who is the proper defendant." *Am. Civil Liberties Union v. Fla. Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993) (citing *Diamond v. Charles*, 476 U.S. 54, 64 (1986)).

The state officers designated to implement and/or enforce the policy at issue here are the Secretary of State and the Attorney General. The Secretary of State is "[t]he chief state election officer" of Arizona. A.R.S. § 16-142(A); *see also* Ariz. Sec'y of State: Elections, http://www.azsos.gov/elections (last visited Feb. 7, 2017) ("The Secretary of State serves as the chief election officer in the state of Arizona …"). Among other duties, the Secretary has the authority to "prescribe rules to achieve and maintain the maximum degree of correctness, impartiality, uniformity and efficiency on the procedures for early voting and voting, and of producing, distributing, collecting, counting, tabulating and storing ballots," A.R.S. § 16-452(A), and the Secretary promulgates regulations to county officials in the Election Procedures Manual (the "Manual") (Doc. 101-8), which is typically issued every two years and carries the force of law. A.R.S. § 16-452.[2] The Attorney General has the authority to enforce Arizona's election laws "through civil and criminal actions." A.R.S. § 16-1021.[3] The Attorney General also approves the Manual and

---

[2] The Secretary's claim that she is only the chief elections officer with respect to the National Voter Registration Act ("NVRA") and the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), Doc. 245 at 6, seems based on a cramped reading of A.R.S. § 16-142(A)(1). Although the statutory text explicitly specifies that she is the chief enforcer of the NVRA and UOCAVA, it does not follow that this is the sole scope of her duties. Arizona law does not delegate the Secretary's powers elsewhere for non-NVRA and non-UOCAVA purposes. *See generally* Title 16. And, as reflected in the text above, the Secretary's own website—and the duties assumed by her office in practice—identify her as Arizona's chief elections officer.

[3] Although the State appears to argue that the Attorney General cannot act without concurrent support from county attorneys, the plain text of the statute, which states that the Attorney General has the power to enforce Title 16, refutes the State's position. A.R.S.

1 has the power to prosecute violations of its provisions. A.R.S. § 16-452(B).

2 Despite the expansive nature of the State Defendants' authority and the statewide nature of the claims, the State asserts that it is powerless to effectuate any relief ordered by this Court because local county officials, rather than the State Defendants, are responsible for physically counting the ballots and, where required, rejecting OOP provisional ballots. Doc. 245 at 4-5. But the county officials are not empowered to count or reject provisional ballots *at their own discretion*; rather, in determining which provisional ballots should be counted, they are required *by state law* to follow the Manual promulgated and enforced by the Secretary of State and Attorney General. A.R.S. § 16-452; Doc. 101-8.[4] The Manual unequivocally states that "[t]he ballot shall remain unopened and **shall not be counted** if … the voter is in the wrong precinct/voting area." Doc. 101-8 at 18 (partial emphasis in original). Because that is precisely the policy that is at issue in this case, the Secretary of State and Attorney General—the parties responsible for the issuance and enforcement of the Manual—are the proper defendants.

The case law confirms this conclusion. Just a few months ago, in a case in which the plaintiffs sought an injunction against the Secretary of State to effectively move Arizona's voter-registration deadline for the 2016 general election from Monday, October 11 (Columbus Day), to Tuesday, October 12, the Secretary moved to dismiss the case on the grounds that "she does not have authority under Arizona law to declare who is, and who is not, a registered voter"; "Arizona law delegates to the *Counties*, not the State, the responsibility for determining who is a registered voter when they prepare

---

§ 16-1021.

[4] Even if county elections officials were not bound by the Manual (which they are), the Secretary and Attorney General would still be the proper defendants so long as most county elections officials could be expected to follow the Manual. *Cf. Voting for Am., Inc. v. Andrade*, 888 F. Supp. 2d 816, 832 (S.D. Tex. 2012) ("If the Secretary were to be enjoined, most—if not all—[] county registrars are likely to amend their conduct in response to the injunction."), *rev'd and remanded sub nom. on other grounds*, *Voting for Am., Inc. v. Steen*, 732 F.3d 382 (5th Cir. 2013); 13A Charles Alan Wright et al., *Federal Practice and Procedure* § 3531.6 (3d ed. 2008) ("The Court has said that standing does not require a plaintiff to show that a decree can remedy his every injury. Some measure of relief suffices.").

precinct registers listing those eligible voters"; and "[i]n that role, it is the *Counties*, not the Secretary, who are responsible for disqualifying voters who fail to comply with registration requirements." *Ariz. Democratic Party v. Reagan*, No. CV-16-03618-PHX-SPL, 2016 WL 6523427, at *1, *6 (D. Ariz. Nov. 3, 2016) (internal quotation marks omitted). Judge Logan rejected that argument, finding that "[t]he Secretary mischaracterizes the nature of her position and her relationship with the counties in administering voter registration." *Id.* at *6. He explained that "[t]he Secretary is Arizona's chief election officer who is responsible for overseeing and administering elections in Arizona"; "[t]he Secretary has the authority to promulgate rules and procedures for elections"; "[a]ny person who does not abide by the Secretary's rules is subject to criminal penalties"; and "[t]he Secretary does not serve as a mere legal adviser to the counties." *Id.*; *see also id.* at *7 ("Because the Secretary has the authority to ensure compliance with election regulations, a mandatory injunction issued against her would redress the Committees' alleged injuries."); *Ariz. Libertarian Party, Inc. v. Bayless*, 351 F.3d 1277, 1280-81 (9th Cir. 2003). Thus, a judge of this Court recently rejected an argument that closely tracks the argument raised here.

Courts in other states have likewise rejected similar arguments. For example, in *Fla. Democratic Party v. Detzner*, No. 4:16CV607-MW/CAS, 2016 WL 6090943 (N.D. Fla. Oct. 16, 2016), the Florida Secretary of State argued that he was not the appropriate defendant in an action bringing constitutional challenges to Florida's signature-matching scheme for absentee ballots because he lacked the power to order county officials to comply with Florida's election laws. *Id.* at *4. The court in that case called the argument "at best, disingenuous," noting that the Florida Secretary of State (like Arizona's) is the state's "chief election officer" and head of the Department of State, which is charged with the supervision and administration of state election laws. *Id.* at *5. And the court emphasized that it was "not being asked to order [the Secretary of State] to direct the individual supervisors of elections to implement specific procedures (which are ordinarily discretionary)" in complying with state law; rather, the court was "simply … order[ing]

-4-

[the Secretary of State] to issue a directive … explaining that a court has declared the existing statutory structure constitutionally impaired, and direct[ing] the supervisors of elections and canvassing boards" to act accordingly. *Id.*; *see also Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011) (rejecting argument that Secretary of State was not proper defendant in challenge to election laws because, "[a]lthough the Secretary of State cannot directly [carry out requested relief], he has both the power and the duty to ensure that the entities charged with those responsibilities comply with Georgia's election code in carrying out those tasks"); *United States v. Missouri*, 535 F.3d 844, 846 n.1 (8th Cir. 2008) (injury stemming from election law redressable by Missouri Secretary of State even though enforcement power delegated to local officials); *Harkless v. Brunner*, 545 F.3d 445 (6th Cir. 2008) (same); *Fla. State Conference of the NAACP v. Browning*, 522 F.3d 1153, 1159 n.9 (11th Cir. 2008); *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1354 (11th Cir. 2005); *League of Women Voters of Fla. v. Browning*, 863 F. Supp. 2d 1155, 1158 (N.D. Fla. 2012); *Project Vote/Voting for Am., Inc. v. Long*, 752 F. Supp. 2d 697, 699 (E.D. Va. 2010).

In sum, the State Defendants can afford Plaintiffs complete relief, they alone are the appropriate defendants, and the alternative county defendants suggested by the State are not necessary, much less indispensable. The State's recycled attempt to foist responsibility to litigate statewide election laws onto individual county recorders should fail once again.[5]

**B.    HB2023 Claims**

The State's argument that Plaintiffs have sued the wrong parties with respect to their HB2023 claims because the Attorney General is not the *sole* actor with authority to enforce HB2023 and because the Secretary of State does not enforce HB2023 also fails.

---

[5] The counties are not necessary parties under the latter two prongs of Rule 19 either. In particular, the counties have not claimed an interest in this action (indeed, Maricopa County, which was a party to this suit on other claims, sought dismissal) and, even if the counties had claimed an interest, their interests would be—indeed, have been—fully represented by the State Defendants. Moreover, there is no risk of the State incurring multiple or inconsistent obligations as a result of this action.

To begin with, this argument ignores that whether meaningful relief is available "is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996). As noted above, moreover, "when a plaintiff challenges the constitutionality of a rule of law, it is the state official designated to enforce that rule who is the proper defendant." *Am. Civil Liberties Union*, 999 F.2d at 1490 (citing *Diamond*, 476 U.S. at 64). This rule is grounded in the principle that "[a] suit against a state officer in his official capacity is, of course, a suit against *the State*." *Diamond*, 476 U.S. at 57 n.2 (emphasis added). The state official thus "represents the state whose statute is being challenged as the source of injury." *Wilson v. Stocker*, 819 F.2d 943, 946-47 (10th Cir. 1987) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)).

In this case, Plaintiffs have done precisely what this case law requires: challenged the legality of HB2023 by suing the state officials designated to administer and enforce that law. The Attorney General, in addition to other duties described above, is charged with enforcing state criminal statutes, including HB2023. A.R.S. §§ 41-191 *et seq*. He is also specifically empowered to prosecute election-related offenses under Title 16. A.R.S. § 16-1021; *see also* State Defendants/Appellees' Brief, *Feldman v. Ariz. Sec'y of State's Office*, No. 16-16698, 2016 WL 6269292, at *32 (9th Cir. Oct. 17, 2016) (explaining, in brief submitted *by the State*, that enforcement of HB 2023 "falls to the Attorney General, who intends to act on any information he receives regarding violations of H.B. 2023. *See* A.R.S. § 16-1021."). The Secretary, as discussed, has the power to issue the Manual, which when updated will presumably provide guidance to election officials regarding HB2023 and/or the prohibition of most ballot collection.

For proof that the Attorney General and the Secretary—despite their protests—exercise enforcement power over HB2023, the Court need only examine their actions in connection with this case. After the Supreme Court stayed the *en banc* Ninth Circuit's preliminary injunction of HB2023, the Secretary's office publicly issued guidance directing that those who collected ballots during the window in which it was legal to do so

(due to the injunction) should turn those ballots in the following Monday to county officials and "there'd be no problem." *See* Declaration of Sarah Gonski ("Gonski Decl."), Ex. B. Election Director Eric Spencer also sent an email to county elections officials across Arizona directing them to "accept all early ballots turned into them, regardless of who returns those ballots or how many ballots were collected during the brief 18-hour window this practice was deemed legal." Gonski Decl. Ex. A. Further, the Attorney General's office stated that it "deferred to [Secretary] Reagan's direction" regarding enforcement of HB2023. Gonski Decl. Ex. B. And there were no reports that county election officials or prosecutors ignored this authoritative guidance.[6]

Thus, the actions of the State Defendants *with respect to the exact law at issue* reflect their authority regarding the statewide implementation of HB2023. Those defendants are plainly the appropriate—and the only necessary—defendants, and this Court should reject their contention that every county attorney and city and town prosecutor in the state should be required to participate in the defense of HB2023.

## II. DISMISSAL IS NOT THE PROPER REMEDY FOR FAILURE TO JOIN A NECESSARY PARTY

Even if other parties were necessary, dismissal would not be proper. The Ninth Circuit has explained that:

> A Rule 19 motion poses three successive inquiries. First, the court must determine whether a nonparty should be joined under Rule 19(a). That nonparty (or "absentee") is now referred to as a "person required to be joined if feasible." If an absentee meets the requirements of Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined. Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee or whether the action must be dismissed.

*E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010) (internal quotation marks and citations omitted); *see also Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir.

---

[6] Indeed, county election officials apparently did not enforce HB2023 either before or after the issuance of the Supreme Court's order. *See, e.g.*, Doc. 189-1 at 3 ("election officials from several counties have said they do not intend to stop and question anyone who shows up at polling places on election day with multiple ballots.").

1982) (noting that the "philosophy" of Rule 19 "is to avoid dismissal whenever possible") (quoting 7 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1604, at 44-46 (1972)).[7]

Thus, where additional defendants are necessary, the next question is whether it is feasible to join those defendants. And here, there is nothing preventing any county and local officials from being added as defendants; nor do the State Defendants suggest otherwise.[8] Accordingly, even if additional defendants were necessary, the appropriate remedy would be the issuance of an order requiring Plaintiffs to join those additional defendants.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny the State's motion to dismiss on all grounds as to the Secretary of State and Attorney General.

---

[7] While the State asserts that "the court should dismiss the action" when "necessary and indispensable defendants are not before the court," the cases the State cites for this proposition do not contain any analysis under Rule 19 and instead were decided on the grounds that the plaintiffs did not have standing because their injuries were not redressable by the defendants in those cases. *See* Doc. 245 at 3-4 (citing *So. Pac. Transp. Co. v. Brown*, 651 F.2d 613, 614-15 (9th Cir. 1980) (dismissing under Rule 12(b)(1) on standing grounds); *Sellers v. Regents of Univ. of Cal.*, 432 F.2d 493, 506 (9th Cir. 1970) (Ferguson, J., dissenting and concurring) (same)). Those cases are therefore inapposite.

[8] Although not argued by the State, if joinder were necessary, there is also no argument that Maricopa County cannot be joined because it has been dismissed by this Court. Maricopa County officials were defendants on the now-dismissed polling allocation claims, and their dismissal from this case applies solely to those claims. Thus, there is no argument that res judicata prevents them from being added as defendants.

| | | |
|---|---|---|
| | Dated: February 7, 2017 | *s/ Joshua L. Kaul* |
| | | Daniel C. Barr (# 010149) |
| | | Sarah R. Gonski (# 032567) |
| | | PERKINS COIE LLP |
| | | 2901 North Central Avenue, Suite 2000 |
| | | Phoenix, Arizona  85012-2788 |
| | | |
| | | Marc E. Elias (WDC# 442007)* |
| | | Bruce V. Spiva (WDC# 443754)* |
| | | Elisabeth C. Frost (WDC# 1007632)* |
| | | Amanda R. Callais (WDC# 1021944)* |
| | | PERKINS COIE LLP |
| | | 700 Thirteenth Street N.W., Suite 600 |
| | | Washington, D.C.  20005-3960 |
| | | |
| | | Joshua L. Kaul (WI# 1067529)* |
| | | PERKINS COIE LLP |
| | | One East Main Street, Suite 201 |
| | | Madison, Wisconsin  53703 |
| | | |
| | | *Attorneys for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and a Notice of Electronic Filing was transmitted to counsel of record.

                              *s/    Sarah R. Gonski*