1  Daniel C. Barr (# 010149)
   Sarah R. Gonski (# 032567)
2  PERKINS COIE LLP
   2901 North Central Avenue, Suite 2000
3  Phoenix, Arizona 85012-2788
   Telephone: (602) 351-8000
4  Facsimile: (602) 648-7000
   DBarr@perkinscoie.com
5  SGonski@perkinscoie.com

6  Marc E. Elias (WDC# 442007)*
   Bruce V. Spiva (WDC# 443754)*
7  Elisabeth C. Frost (WDC# 1007632)*
   Amanda R. Callais (WDC# 1021944)*
8  Alexander G. Tischenko (CA# 304743)†
   PERKINS COIE LLP
9  700 Thirteenth Street NW, Suite 600
   Washington, D.C. 20005-3960
10 Telephone: (202) 654-6200
   Facsimile: (202) 654-6211
11 MElias@perkinscoie.com
   BSpiva@perkinscoie.com
12 EFrost@perkinscoie.com
   ACallais@perkinscoie.com
13 ATischenko@perkinscoie.com

14 Joshua L. Kaul (WI# 1067529)*
   PERKINS COIE LLP
15 One East Main Street, Suite 201
   Madison, Wisconsin  53703
16 Telephone:  (608) 663-7460
   Facsimile:  (608) 663-7499
17 JKaul@perkinscoie.com

18 *Attorneys for Plaintiffs*

19 *Admitted pro hac vice
   † *Not yet admitted in Washington, D.C.*
20

21                          UNITED STATES DISTRICT COURT

22                                 DISTRICT OF ARIZONA

23
   | Arizona Democratic Party, et al., | No. CV-16-01065-PHX-DLR |
24 |---|---|
   |                    Plaintiffs, | **DECLARATION OF ALEXIS** |
25 |        v. | **TAMERON** |
26 | Arizona Secretary of State's Office, et al., | |
27 |                    Defendants. | |
28

I, Alexis Tameron, am over the age of 18, have personal knowledge of the facts stated in this declaration, and can competently testify to their truth:

1. I currently serve as Chair of the Arizona Democratic Party ("ADP"). I have held this position since January 2015.

2. As Chair, I am responsible for overseeing the ADP's election-related strategy, messaging, goals, programs, and activities. As a result, I have both knowledge of and oversight of the communications and documents made by the ADP regarding election-related strategy, messaging, goals, programs, and activities.

3. Based on my knowledge, and my review of the documents at issue, I can attest that the ADP could not comply with the document requests that are the subject of Defendants' Motion to Compel without severely infringing upon its constitutional right to freely associate with its supporters, allies, and associates, and that ADP would no longer be able to effectively promote its message or carry out its mission if it were forced to disclose such documents.

4. The State has requested that ADP disclose documents that contain its strategic directions, plans, goals, programs, and activities relating to its registration and get-out-the-vote activities. ADP would suffer significant prejudice if these internal planning materials were disclosed to its political opponents. The information would reveal to ADP's political opponents where and when it is likely to focus its activities in future elections, thereby severely impeding its ability to advocate successfully for its candidates and causes. This category of documents contains proprietary information about ADP's voter-tracking technology and information about ADP's use of modeling to locate and target Democratic voters. Such information is at the core of ADP's ability to organize and advance its mission by formulating strategy and messages in private. If ADP were forced to reveal such information, it would require ADP to change the way that it operates and communicates going forward, and would inhibit the free exchange of ideas that is necessary for it to pursue its goals. Such a change would make it impossible to ADP to succeed in effectively advancing its mission and accomplishing its goals.

1       5.      For example, Defendants seek disclosure of certain documents containing the ADP's estimates of demographic characteristics and likely voting behavior of the electorate. These documents set forth the ADP's strategies and targets for conducting outreach to voters to communicate ADP's message, and for encouraging voters who associate with ADP and support ADP's values to turn out to vote. These documents also set forth the ADP's internal evaluation of its success in accomplishing its goals and reaching its targets. In one case, the set of documents that Defendants seek to disclose (HB 2305 Walk List) contains the actual names and addresses of voters whom the ADP targeted for such outreach. In sum, these documents contain some of the most sensitive and closely held information that goes to the very core of ADP's ability to communicate and associate with its supporters to advance its mission. Such documents include:

      a.   CD 7 Hispanic Crosstab
      b.   RE: 2012 demographics
      c.   RE: Precinct by precinct voter analysis
      d.   Fwd: Latino vote plan update
      e.   2012 Demographic Canvass Report
      f.   2014 Post Election Analysis
      g.   2012 Voted Report - Arizona
      h.   Congressional District Voted Report 2012
      i.   Congressional District Voted Report 2014
      j.   Legislative District Voted Report 2012
      k.   Legislative District Voted Report 2014
      l.   AZ Early Ballot Report
      m.   HB 2305 Walk List
      n.   Other documents, which the state has not specifically identified, but which include voter demographic information.

    6.   In addition, Defendants seek disclosure of certain documents containing information generated though the ADP's election monitoring program and election

incident hotline. Such information includes the mental impressions of ADP election observers regarding polling place incidents, which were intended to be communicated to ADP's voter protection team and voter protection legal counsel. It also includes information about individual voters, including voters' contacts with ADP. It also includes how incidents were categorized, providing insight as to what was being tracked. It also includes communications between members of ADP's voter protection team regarding how to respond to reports and questions. As a result, these documents provide a detailed account of ADP's election monitoring activities, including the location of precincts that it was targeting, the types of issues that it found most concerning, and its strategies in responding to incidents reported, including legal strategies. In sum, these documents contain sensitive and closely held information that directly implicates ADP's ability to communicate and associate with its supporters to advance its mission. Such documents include:

    a.    Incident Data
    b.    General 2012 Voting Incidents
    c.    LBJ Data
    d.    State Incident Data 2012

7. Finally, Defendants seek disclosure of certain documents containing communications with strategic partners regarding strategy and analysis of voter demographics and likely voting behavior. Disclosure of such communications risks revealing the viewpoints, political associations, and strategy of such partners. As a result, any group that associates with, or contemplates associating with ADP may refrain from doing so because it risks having its identity, viewpoints, and strategy revealed in litigation. Disclosure of such communications may therefore prevent ADP from freely associating with these and other groups in the future, and would chill the free flow of information between such groups. Such documents include:

    a.    Fwd: Data on Native Vote in Arizona
    b.    RE: Precinct by precinct voter analysis

1        8.    In the instant case, such disclosure is not made in a political vacuum. Rather, the very parties requesting these disclosures are Republican elected officials, and the documents would also be available to Intervenor-Defendants the Arizona Republican Party—ADP's direct competitor. The litigating parties and their political allies would directly benefit from the revelation of ADP's confidential information. If Defendants were to gain access to this information, ADP would be forced to change political plans, strategies, and tactics or risk failing to successfully carry out its mission in the upcoming election cycle.

      9.    Accordingly, ADP cannot comply with Defendants' requests for production without infringing upon its own associational and speech rights. ADP should not have to choose between bringing a lawsuit in order to protect its members' constitutional right to vote and refraining from bringing such a lawsuit in order to protect its own constitutional right of association and speech.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: 7/6 _____, 2017.

By: *Alexis Tameron* (DocuSigned by: 81487C60C726456...)
Alexis Tameron

-5-

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and a Notice of Electronic Filing was transmitted to counsel of record.

*s/ Michelle DePass*