Daniel C. Barr (# 010149)
Sarah R. Gonski (# 032567)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
DBarr@perkinscoie.com
SGonski@perkinscoie.com

Marc E. Elias (WDC# 442007)*
Bruce V. Spiva (WDC# 443754)*
Elisabeth C. Frost (WDC# 1007632)*
Amanda R. Callais (WDC# 1021944)*
Alexander G. Tischenko (CA# 304743)†
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
MElias@perkinscoie.com
BSpiva@perkinscoie.com
EFrost@perkinscoie.com
ACallais@perkinscoie.com
ATischenko@perkinscoie.com

Joshua L. Kaul (WI# 1067529)*
PERKINS COIE LLP
One East Main Street, Suite 201
Madison, Wisconsin  53703
Telephone:  (608) 663-7460
Facsimile:  (608) 663-7499
JKaul@perkinscoie.com

*Attorneys for Plaintiffs*

*Admitted pro hac vice
† Not yet admitted in Washington, D.C.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Democratic Party, et al., | No. CV-16-01065-PHX-DLR |
| Plaintiffs, | **DECLARATION OF JOSHUA KAUL** |
| v. | |
| Arizona Secretary of State's Office, et al., | |
| Defendants. | |

I declare under penalty of perjury that the foregoing is true and correct.

1. I, Joshua L. Kaul, am over the age of 18, have personal knowledge of the facts stated in this declaration, and can competently testify to their truth.

2. I am counsel for Plaintiffs in this matter and am fully familiar with all facts declared herein.

3. In this litigation, Plaintiffs have not relied upon the documents listed in their First Amendment privilege logs to support their claims.

4. Instead, Plaintiffs hired experts who have relied upon publicly available information, such as state and county data provided to them by the State or counties through discovery. In addition, Plaintiffs' experts have relied on census data and publicly reported exit polls to analyze the effect of the challenged laws. During the preliminary injunction phase of this litigation, Plaintiffs' experts relied upon county voter files provided by ADP, which it received directly from the counties pursuant to Arizona law. The voter files provided by ADP were the exact files provided by the counties and did not include any of the additional privileged proprietary info that the State now seeks. Those were produced to the State promptly upon the filing of their initial expert reports in June of 2016.

5. Plaintiffs have provided to Defendants, including the State, all documents and information relied upon by Plaintiffs' experts.

6. Plaintiffs' experts have not had access to or reviewed any of the documents listed in Plaintiffs' First Amendment privilege log.

7. Plaintiffs have not provided this information to their experts for two reasons. First, Plaintiffs did not want to place any of the First Amendment-protected information at issue in this litigation, whether it was (or reflected) internal modeling, strategy, or communications with strategic partners or voters. Second, in my experience litigating several voting rights cases, proprietary modeling by political parties, strategic discussions, internal party gathering of demographic information, and the like are not the type of comprehensive data typically used by experts to assess the impact of challenged voting

1  laws.  Voter data that is obtained from the State or counties will often be the most up to
2  date and accurate data and, presumably, will be free from any potential manipulation or
3  bias. Internal party data, in contrast, will have modeling information appended to it. This
4  is done through a proprietary process and, unlike expert analysis, which answers questions
5  at issue in litigation, party data is used to form the basis of political strategy and decision-
6  making.

7       8.     I participated in the parties' June 9, 2017, meet and confer regarding the
8  Rule 30(b)(6) depositions of the Arizona Democratic Party and ARP and the State's
9  privilege assertions regarding ADP's second and third addenda to its First Amendment
10 privilege log.

11      9.     During the June 9 meet and confer, it was my understanding that the State
12 and ARP were raising their privilege objections only as to documents labeled "Incident
13 Data" that appeared on the two ADP Privilege Log Addenda that were served on June 5,
14 2017.  This understanding is reflected in the email I sent to counsel on June 12, 2017, the
15 next business day after the meet and confer. Defs.' Ex. J ("You have indicated that you
16 may challenge our assertion of the First Amendment privilege over certain documents on
17 Addendum 2 and all of the documents on Addendum 3 to our privilege log."). To my
18 recollection, neither ARP nor the State raised any objections to ADP's First Addendum to
19 its privilege log or to any of the DNC Privilege Logs. Further, neither ARP nor the State
20 challenged Plaintiffs' assertion of the First Amendment privilege as to any other
21 categories of documents.

22      10.     I declare under penalty of perjury that the foregoing is true and correct to the
23 best of my knowledge and belief.

25 DATED: July 6, 2017

By:   /s    *Joshua L. Kaul*
                Joshua L. Kaul, *Esq.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and a Notice of Electronic Filing was transmitted to counsel of record.

                        *s/ Michelle DePass*